MYERS v TOWNSHIP OF REDFORD (AFTER REMAND)

Docket No. 77-2917. Submitted October 18, 1978, at Detroit.—Decided March 17, 1980. Leave to appeal applied for.

The Redford Township Police and Fire Civil Service Commission scheduled a competitive promotional examination for the offices of corporal and sergeant. The examination consisted of three parts, written, oral and performance rating. The written examination was taken by all applicants. Dwight Myers, Ronald Harding, Frank Howe, Patrick Falkner and Donald Moore failed to score a 70% or better grade in the written examination and were not permitted to take the oral examination or to be rated on their past performance. The Civil Service Commission required applicants to attain a score of 70% on the written examination in order to take the other parts. Myers and the other applicants petitioned for injunctive relief, Wayne Circuit Court, William J. Giovan, J. The trial court found that the 70% statutory requirement for basing grades should be applied to the entire testing procedure. Defendants appeal. On appeal, defendants maintain that the statute mandates that a 70% passing grade be set on the written examination. Plaintiffs contend that the statute requires an average grade of 70% on the combined scores of the three parts of the examination. *Held:*

The 70% statutory grade requirement should apply to the entire examination and not to any of its individual parts. Each of the parts evaluates different aspects of the applicant's merit. The examination as a whole is designed to accomplish what none of its individual parts can do, to evaluate the applicant's total ability to meet the requirements of the sought-after position. The test, as a unit, completely encompasses the skills and abilities that the applicant must possess. The applicant's performance on all portions of the test establishes a single score upon which the applicant's standing should depend. Therefore, as none of the test parts, in itself, is an adequate

REFERENCE FOR POINTS IN HEADNOTE
[1] 15A Am Jur 2d, Civil Service § 45.

determinant of the applicant's merits, none should be considered to the exclusion of the others.

Affirmed.

Municipal Corporations — Fire and Police Departments — Eligibility for Promotions — Civil Service Examinations — Multi-Part Examinations — Grade Average Requirement — Statutes.

The minimum passing grade in civil service examinations for promotions in paid municipal fire and police departments is 70%, and this statutory requirement applies to the whole of the examination process and not to the individual parts; therefore, in a three-part examination, written, oral interview and performance factor, failure to obtain a 70% grade on the written part does not preclude being examined on the other two parts where it is possible to achieve an overall score of 70% if the oral examination were given and the efficiency rating applied because the examination as a whole is designed to accomplish what none of its individual parts can do, to evaluate the applicant's total ability to meet the requirements of the sought-after position (MCL 38.511[a]; MSA 5.3361[a]).

*Cummings, McClorey, Davis & Acho, P.C.,* for defendants.

Before: Beasley, P.J., and R. B. Burns and J. H. VanderWal,* JJ.

## After Remand

R. B. Burns, J. In this matter defendants, the Township of Redford and the Redford Township Fire and Police Civil Service Commission, had appealed from a Wayne County Circuit Court judgment ordering that the plaintiffs, members of the Redford Police Department who failed to score a passing grade on the written portion of an examination given to determine merit for promotion, be allowed to take the remaining portions of the test. Because the trial court's findings of fact and con-

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

clusions of law were unavailable, the matter was reversed and remanded. GCR 1963, 517.1. We retained jurisdiction.

In 1977, defendants scheduled a competitive examination to determine merit for promotion to the positions of corporal and sergeant. A written test made up 50% of the final grade, an oral interview 30%, and a performance factor 20%. The written test was given first and applicants who failed to score a grade of at least 70% were not permitted to take the oral examination or to be rated on their past performance.

MCL 38.511(a); MSA 5.3361(a) provides that the minimum passing grade for an examination given by defendant commission for positions in its paid fire and police departments shall be at least 70%. MCL 38.511(a); MSA 5.3361(a) reads in part:

"The civil service commission in each city, village or municipality, shall make rules providing for examinations of positions in the paid fire or police departments in each city, village or municipality under this act, for appointments, and for such other matters as are necessary to carry out the purposes of this act. The minimum passing grade for any examination shall be at least 70%."

Defendants maintain that the statute mandates that a 70% passing grade be set on the written examination.[1] Plaintiffs, on the other hand, argue that the statute requires an average grade of 70%

[1] In the opinion of the trial court, defendants' position is apparently that the 70% statutory minimum passing score applies only to the written portion of the examination. In defendants' appellate brief we find indications that defendants read the statute to require a 70% passing grade on each portion of the test. Because we find that the trial court reached the correct decision, and that neither of the two positions advanced on defendants' behalf is correct, we need not establish which position defendants actually have taken.

on the combined scores of the three portions of the examination. Though none of the plaintiffs achieved a score of at least 70% on the written test, each of their scores was sufficient to make an overall score of 70% possible, if the oral examination were given and the efficiency rating applied.

The trial court agreed with the position advanced by plaintiffs and viewed the minimum 70% passing grade as intended to apply to the whole of the examination process. In a carefully reasoned opinion, the trial court noted the fundamental object of the statute and considered the meaning of the word "examination" as it is used in MCL 38.511; MSA 5.3361.

The trial court noted that the fundamental objective of the legislation is to cause appointments and promotions in municipal fire and police departments to be made on the basis of merit.

"On and after the date this act takes effect, appointments to and *promotions* in all paid fire and/or police departments of cities, villages or municipalities of any population whatsoever *shall be made only according to qualifications and fitness to be ascertained by examinations,* which shall be competitive, and no person shall be appointed, reinstated, promoted or discharged as a paid member of said departments regardless of rank or position, in any fire or police department of any city, village or municipality in the state of Michigan, in any manner or by any means other than those prescribed in this act." (Emphasis supplied by the trial court.) MCL 38.507; MSA 5.3357.

The trial court then stated:

"Promotions, then, are to be accomplished solely on the basis of 'qualifications and fitness' and those qualities are to be determined by 'examinations', the only

word employed to describe the method of determining qualifications and fitness."

The court then noted MCL 38.512(a); MSA 5.3362(a) which provides that:

"All examinations for positions shall be practical in their character and shall relate to such matters, and include such inquiries, as will fairly and fully test the comparative merit and fitness of the persons examined to discharge the duties of the employment sought by them."

and the court therefore remarked that "the word 'examinations' is meant to include not only written examinations, but *all* of the modes of determining 'qualifications and fitness' for promotions". (Emphasis in the original.)

Each of the three portions of the examination evaluates different aspects of the applicant's merit. The examination as a whole is designed to accomplish what none of its individual parts can do, to evaluate the applicant's total ability to meet the requirements of the sought-after position. The test, as a unit, completely encompasses the skills and abilities that the applicant must possess. As none of the test parts, in itself, is an adequate determinant of the applicant's merit, none should be considered to the exclusion of the others. We believe, therefore, that the applicant's performance on all portions of the test establishes a single score upon which the applicant's standing should depend.

Affirmed. No costs, a public question being involved.

J. H. VANDERWAL, J., did not participate.